GERALD CHURCH, Appellant, v. FRED STALEY, Individually and Doing Business as STALEY'S SALES AND SERVICE, Respondent, et al., Defendants. — Plaintiff appeals from an order of the Supreme Court, Madison County, which sets aside a verdict in his favor against defendant Staley, and from that part of the judgment which follows the order. Defendant Babcock was the owner and driver of a vehicle in collision with a vehicle driven by plaintiff. The complaint alleges that at the time of the accident Babcock in his own automobile was acting in "performance of his employment" for Staley and as required by Staley. The jury found a verdict against both the owner-driver and his employer. The court has set this aside on a reserved motion and dismissed the complaint against the employer. We find no evidence which would be sufficient to sustain this part of the verdict. The record shows that Babcock was in Staley's employ as part of on-the-job training under contract between the New York State Division of Veterans' Affairs and the employer. He was learning to be an automobile appraiser and salesman. The record is not in dispute that his hours were fixed in the daytime; that when he undertook to do any sales work it was under specific direction of his employer and in the employer's vehicles and that he was not performing any service for the employer when the accident happened. The accident occurred at ten o'clock at night while the employee was on his way home after he had followed various personal amusements earlier in the evening. There is no proof which would fairly indicate the operation of the employee's vehicle at the time of collision was in pursuance of his employment. The court was not committed as a matter of law to determine that a question of fact existed because it had sent the case to the jury. It followed good practice in sending all possible questions to the jury, and then reviewing their sufficiency and entering an order accordingly. This practice often avoids the need of a new trial whichever way the reserved motions are decided, originally or on appeal, and it is a practice this court approves. Order and judgment unanimously affirmed, with costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See post, p. 1049.]